**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MONICA D. ALVAREZ,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
SF-0353-16-0018-I-1

DATE: September 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u>, Upland, California, for the appellant.

<u>Micah C. Yang</u>, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to correct the appellant's jurisdictional burden pursuant to 5 C.F.R. § 1201.57(b), we AFFIRM the initial decision.

¶2        The appellant was employed by the agency as a City Carrier in Canoga Park, California.  Initial Appeal File (IAF), Tab 13 at 40‑41.  She suffered an injury on February 16, 2010, which was accepted by the Office of Workers' Compensation Programs (OWCP) for compensation.  *Id.* at 4.  In April 2010, she began a period of continued absence from work due to the agency's inability to provide work within the medical restrictions related to this injury.  *Id.*

¶3        As of April 2013, OWCP considered the appellant to be totally temporarily disabled.  *Id.*  However, on April 29, 2013, her treating physician indicated that she was capable of working with restrictions.  *Id.*  From May to June 2013, the agency conducted a 50-mile radius search for work within the appellant's restrictions.  IAF, Tab 11 at 32‑33, Tab 13 at 7-12, 22-37.  As a result, in May 2013, the agency offered her a rehabilitation position as a Customer Care Agent at its Los Angeles Customer Care Center (CCC).  IAF, Tab 13 at 7, 13‑15.  The appellant then either failed or refused to report for the position.  *Id.* at 4.

¶4        In July 2013, OWCP reviewed the position and found it suitable and within the restrictions provided by the appellant's treating physician.  *Id.* at 4-5.  The appellant accepted the position on August 7, 2013, although she expressed "some

reservations" that the commute might cause injury. *Id.* at 21. The administrative judge found, and the parties do not dispute, that the appellant worked in the CCC position for approximately 40 hours per week until December 9, 2014. IAF, Tab 22, Initial Decision (ID) at 4; IAF, Tab 12. On that date, she alleged that she suffered a new on-the-job injury and stopped working. IAF, Tab 11 at 76‑88, Tab 14 at 8-9. However, OWCP did not accept the December 9, 2014 injury for compensation. IAF, Tab 11 at 41, 44.

¶5    The appellant filed this appeal on October 5, 2015, claiming an improper restoration since August 12, 2013, when she alleged the agency forced her to work outside of her medical restrictions. IAF, Tab 1. She also alleged the agency discriminated against her based on age and disability, failed to provide reasonable accommodation for her disability, and retaliated against her for requesting reasonable accommodation. IAF, Tab 1 at 4, Tab 15 at 4. The administrative judge provided the appellant with notice regarding how to establish jurisdiction over a restoration appeal under 5 C.F.R. part 353. IAF, Tab 2; ID at 2-3.

¶6    Without holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make nonfrivolous allegations of Board jurisdiction under 5 C.F.R. part 353.[2]    ID at 3-5.

---

[2] The administrative judge erroneously referred to the appellant's jurisdictional burden as a preponderance of the evidence. However, as of the time this appeal was filed, the appellant only was required to make nonfrivolous allegations to establish jurisdiction. 5 C.F.R. § 1201.57(a)(4), (b); *see Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶¶ 11-12 (2016). While the administrative judge may have erred in this regard, such error was not prejudicial to the appellant's substantive rights and thus is not a basis for reversal. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). Specifically, the administrative judge's analysis reflects that, while she stated the burden was preponderant evidence, she correctly applied the nonfrivolous allegation standard and dismissed the appeal after finding that the appellant failed to make a nonfrivolous allegation to support Board jurisdiction under 5 C.F.R. part 353. Nonfrivolous allegations of Board jurisdiction are allegations of fact, that if proven, could establish a prima facie case that the Board has jurisdiction over the matter at

Specifically, the administrative judge found that the agency had provided the appellant with a position at the CCC that the OWCP found suitable and within the restrictions caused by the appellant's accepted injury. ID at 4. Thus, the administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency denied her restoration or that the agency's actions were arbitrary and capricious. ID at 5. Regarding the appellant's discrimination and reprisal claims, the administrative judge found that, within the context of the jurisdictional issue, the appellant failed to make a nonfrivolous allegation that the agency's actions were arbitrary due to prohibited discrimination or reprisal. ID at 5. Because she dismissed the appeal for lack of jurisdiction, the administrative judge did not address the timeliness of the appeal.

¶7        The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9(2016); 5 C.F.R. § 353.301. Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part‑time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

¶8        OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual

issue. *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); 5 C.F.R. § 1201.4(s).

who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d). The Board has jurisdiction to review whether an agency's denial of restoration to a partially recovered employee was arbitrary and capricious. *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1103-04 (Fed. Cir. 2011), *modified in party by regulation as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10; 5 C.F.R. § 353.304(c). Thus, to establish jurisdiction over her claim that she was denied restoration as a partially recovered employee, the appellant was required to make nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b). As the administrative judge correctly found, it is undisputed that the appellant satisfies the first two criteria. ID at 3.

¶9 Here, the appellant argues on review that the administrative judge improperly found that the limited-duty job offer of a Customer Care Agent at the Los Angeles CCC was within her medical restrictions. Petition for Review (PFR) File, Tab 1 at 5. While the appellant fails to identify how the position at the CCC was outside of her medical restrictions, or explain how the administrative judge erred in finding so, we have nevertheless considered her argument. We agree with the administrative judge that the appellant failed to nonfrivolously allege that the offer of the CCC position was either a denial of restoration or was arbitrary and capricious. ID at 4; *see Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 15 (2016) (declining to find a denial of restoration when the appellant offered no evidence or argument to establish that a job offer was not in compliance with her physical limitations).

¶10 A partially recovered employee "may not appeal the details or circumstances of her restoration"; she may appeal to the Board only for a

determination of whether the agency acted arbitrarily and capriciously in denying restoration. *Kingsley*, 123 M.S.P.R. 365, ¶ 13; 5 C.F.R. § 353.304(c). Nevertheless, under certain circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Kingsley*, 123 M.S.P.R. 365, ¶ 13. For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored. *Id.*

¶11 Here, OWCP specifically determined that the agency's offer of a limited‑duty assignment as a Customer Care Agent was suitable and did not exceed her medical work restrictions as noted by her physician. IAF, Tab 13 at 4 ‑5. Determinations on the suitability of an offered position are within the exclusive domain of OWCP. OWCP, not the employing agency and not the Board, possesses the requisite expertise to evaluate whether a position is suitable in light of the employee's particular medical condition. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 14 (2016). Further, the record reflects that after the appellant was restored to the Customer Care Agent position she consistently worked approximately 40 hours a week until she suffered a nonjob-related injury on December 9, 2014, and stopped working. IAF, Tab 11 at 27-28, Tab 12.

¶12 To the extent the appellant may be asserting that she was not restored to duty after December 9, 2014, her claim of injury was not accepted by OWCP, and, thus, she was not entitled to restoration based on that injury. IAF, Tab 11 at 41-45; *see Hamilton*, 123 M.S.P.R. 404, ¶ 14 (finding that an appellant had no restoration rights for a condition that OWCP determined was not job‑related).

¶13 The appellant also argues that the administrative judge erred in failing to find that the agency discriminated against her when it failed to properly restore her. PFR File, Tab 1. The Board lacks jurisdiction over discrimination and retaliation claims per se in the absence of an otherwise appealable action.

*Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 58 (2012), *modified by regulation on other grounds as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10. Rather, such claims should be considered to the extent that they pertain to the jurisdictional issue. *Id.*, ¶ 58 & n.27. The administrative judge properly considered these claims but found that they did not affect the jurisdictional analysis. ID at 5. Because on review the appellant has not identified any evidence or provided any argument to support her claim that the agency's actions were arbitrary and capricious due to prohibited discrimination or reprisal, we find no adjudicatory error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (finding that before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

¶14     The appellant also contends that the administrative judge identified the incorrect timeframe during which the appellant alleged she was denied restoration. PFR File, Tab 1 at 5. However, the appellant's initial appeal, her petition for review, and the initial decision all identify the appellant's denial of restoration as allegedly beginning on August 12, 2013. ID at 1; PFR File, Tab 1 at 5; IAF, Tab 1 at 4. Therefore, we discern no error.

¶15     The appellant further argues that there is no indication that the administrative judge reviewed all of the evidence. PFR File, Tab 1 at 4. However, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶16      On review, the appellant alleges that the administrative judge "made improper determinations regarding the [a]gency's [f]ailure to provide the [a]ppellant with her requested discovery." PFR File, Tab 1 at 5. However, she fails to identify any specific items that she was unable to obtain in discovery or how those items would have enabled her to meet her jurisdictional burden of proof. PFR File, Tab 1 at 5; *see* 5 C.F.R. § 1201.72(a). The Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights. *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 18, *aff'd per curiam*, 544 F. App'x 976 (2013). Here, both parties filed motions to compel, which the administrative judge denied. IAF, Tabs 16, 18; ID at 5 n.3. Although the appellant failed to provide the agency's discovery responses with her motion to compel, the agency provided the responses with its opposition. IAF, Tab 16, Tab 17 at 18-72. In reviewing those responses, it appears that the agency generally provided specific information in response to the appellant's requests. For example, in response to an interrogatory regarding why she was not "reinstated," the agency explained that she was offered a "rehabilitation position" at the CCC, which she accepted. IAF, Tab 17 at 28. As another example, when asked why she was not offered a position in the agency's Sierra Coastal district, the agency responded that no work was located for her in that district during the relevant timeframe. *Id.* at 29. Notwithstanding what appear to be generally sufficient responses, the appellant moved to compel concerning all of her 25 interrogatories and 30 requests for production. IAF, Tab 16 at 12‑31. The appellant has failed to show how the information she requested might have supported a finding of jurisdiction and therefore has failed to establish an abuse of discretion. *See Jones*, 119 M.S.P.R. 355, ¶ 18 (declining to find that an administrative judge abused his discretion in denying an appellant's motions to compel because the appellant failed to show how the information he requested in

discovery would have affected the administrative judge's findings as to the merits of his claims).

¶17 Accordingly, we find that the administrative judge correctly found that the appellant was not entitled to a hearing and properly dismissed the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.